Sam E. WILSON, Jr., Appellant,

v.

Nat W. HARDY, Appellee.

No. 13188.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 4, 1957.

Rehearing Denied Jan. 29, 1958.

Charles G. Lyman, Corpus Christi, Shank, Dedman & Payne, Dallas, for appellant.

Lewright, Dyer & Redford, Branscomb & Foy, Keys, Russell, Keys & Watson, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

■ This suit was instituted by Nat W. Hardy against Sam E. Wilson, Jr., seeking to recover damages for the alleged breach of a verbal contract of employment for architectural and engineering services in the preparation of necessary plans and specifications and supervision of the construction of a causeway, and in the alternative to recover in quantum meruit. The trial was to a jury and, based upon the findings of the jury, the district court entered judgment in favor of Hardy against Wilson in the sum of $40,322, from which judgment Wilson has taken this appeal.

Appellant's first point presents the contention that "the verdict of the jury is not sufficient to support a judgment for damages for breach of contract by Appellant since the contract found by the jury was entire and there was but one consideration given by Appellant for the three promises of Appellee, and the undisputed evidence shows that Appellee, by no fault of Appellant, failed to perform two of such promises."

The jury found the verbal contract was to the effect that Hardy and Wilson agreed that Hardy should design and prepare plans and specifications for the construction of the causeway involved, and that Hardy should supervise the construction of such causeway; that Wilson would make payment to Hardy as his fee, for the performance of such services, a sum of money equal to 5% of the cost of the construction of such causeway, and that such plans and specifications should be prepared for competitive bidding.

It is clear from the contract that Hardy was to do three things: (1) Prepare plans and specifications for competitive bidding; (2) Prepare plans and specifications for the construction of the causeway; (3) Supervise the construction of the causeway. For such services Hardy was to receive a single consideration of a sum of money equal to 5% of the cost of the construction of the causeway, and, therefore, the contract was an entire one and Hardy cannot recover for the breach of the contract without first showing that he has done all that was required of him, or that he was relieved of the necessity of so doing by some breach of the contract by Wilson.

It may be said that Hardy prepared plans and specifications which were sufficient for competitive bidding, but were not sufficient for the construction of the causeway. Hardy did not supervise the construction of the causeway, because it was never built. Thus Hardy failed to show that he did all he was obligated to do under the contract, and unless he can show that he was excused from doing so by a breach of the contract by Wilson he cannot recover. Hardy asserts that his failure to complete his contract was due to Wilson's "wrongful failure to authorize the construction of the causeway." The contract as found by the jury contained no provision, one way or the other, as to what was to happen in the event the causeway was not built, neither does it provide that Wilson was obligated to build the causeway. The question here presented is, to whose benefit does this lack of provisions in the contract inure? Both parties knew that if Nueces County constructed a causeway in the neighborhood of where Wilson was planning to construct his, that Wilson would not go ahead with his causeway. Whose duty was it to see that the contract contained some provision to take care of the situation in the event Nueces County constructed a causeway, as it later did? Should Wilson have insisted upon a provision, that if Nueces County constructed the causeway he should not be liable to Hardy, or should Hardy have insisted on a provision as to what he was to receive in the event the county constructed the causeway and Wilson did not?

The contract as found by the jury did not obligate Wilson to construct the causeway, therefore, it was not his duty to seek a provision relating to what was to happen if he failed to do that which he had not agreed to do. The opposite is true of Hardy. He should have realized that the contract did not obligate Wilson to build the causeway, and knowing that it would not be built if one was built by Nueces County, he should have insisted upon a provision in the contract as to what he was to be paid in the event the causeway was not built by Wilson.

Hardy has filed a reply brief wherein he contends that there was an implied contract on the part of Wilson to build the causeway. The duty was upon Hardy, who was plaintiff below, to plead and prove such an implied contract, and the evidence being at least conflicting as to such an implied contract, Hardy should have requested that such an issue be submitted to the jury. Having failed to do so, he has waived a recovery based upon a breach of an implied contract on the part of Wilson to build the causeway. 10 Tex.Jur. 518, Sec. 302; Rule 279, Texas Rules of Civil Procedure.

■ There is evidence in the record which would have justified a finding by the jury that both Hardy and Wilson knew and understood that Wilson would not build a causeway from the mainland to Mustang Island if Nueces County built one to Padre Island. The County did build its causeway and therefore Wilson decided not to build his. If this was the understanding of the parties, then there was no contract on the part of Wilson to build the causeway, and his failure to do so cannot be regarded as a breach of the contract which was found by the jury to exist between Wilson and Hardy. The fact that the County prevented the building of the causeway was no more the fault of Wilson than it was of Hardy, in the absence of a jury finding that Wilson had entered into a contract to construct the causeway contemplated by him.

■ Appellant's third and fourth points relate to the question of the oral contract being void under the provisions of the Statutes of Fraud, Art. 3995, Sec. 5, Vernon's Ann.Civ.St. The contract, according to Wilson, certainly was not to be performed within one year. Hardy admitted while on the witness stand that it would have taken at least sixteen or seventeen months to have performed the entire contract.

There was evidence that if this had been a hurry-up contract, which it was not, it could have been performed within a year. Counsel for Hardy, in addressing the jury, told them that the question was not whether

Hardy could have completed the contract in one year, but whether or not any architect in the world could perform it within a year. Counsel for Wilson objected to this argument and asked the court if his ruling required the performance of the contract to be by Hardy, to which the court replied "No."

The contract was one employing an architect and engineer, and was a personal service contract. Wilson having selected Hardy, was entitled to have him, and not just any architect in the world, perform the contract. The remarks of the court added to this improper argument, and thus the answer of the jury was undoubtedly affected thereby.

There are other matters complained of which will not in all probability occur upon another trial, so we will pretermit a discussion of them here.

For the error pointed out, the judgment will be reversed and the cause remanded.